Eric R. McVittie, ABA #0503007
Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106
Phone: 206-623-4990
Facsimile: 206-467-4828
Email: emcvittie@legros.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| ARCTIC ICE FISHERIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　　　　　v.<br><br>BRANDON LEICHENTRITT,<br><br>　　　　Defendant. | IN ADMIRALTY AND AT LAW<br><br>Case No.: 3:19-cv-00264-HRH<br><br>COMPLAINT FOR DECLARATORY JUDGMENT ON MARITIME BENEFITS |

Plaintiff Arctic Ice Fisheries, LLC (hereinafter "Arctic Ice") makes the following complaint for declaratory relief:

### I. **JURISDICTION**

1.　　This is an action within the admiralty jurisdiction of this Court under 28 U.S.C. §1333 and within the meaning of Fed. R. Civ. P. 9(h).

2.　　This is an action to determine Arctic Ice's maritime obligations for Defendant's alleged back injury that Defendant wrongfully claims he sustained during his service aboard the fishing tender MARINE STAR during summer 2018. Accordingly, the Court has jurisdiction over this declaratory judgment action under 28 U.S.C. § 2201-2202 so that it may resolve the controversy between the parties as further elaborated below.

COMPLAINT FOR DECLARATORY RELIEF – Page 1
No. 3:19-cv-00264-HRH
{29095-00540328;1}

3. Venue is appropriate under 28 U.S.C. § 1392 (b)(2) because a substantial part of the alleged events giving rise to Defendant's claim for maritime benefits occurred in this judicial district. Venue is also proper under 28 U.S.C. 1391(b)(1) because he is a resident of Alaska.

## II. PARTIES

4. Arctic Ice is an Alaska Corporation with its principal place of business in Seward, Alaska. Arctic Ice owns the MARINE STAR, official number 537893. At all relevant times, the vessel was in Alaska state waters.

5. Defendant is allegedly an Alaska resident, and a former seaman aboard the MARINE STAR. Defendant currently lives in Las Cruces, New Mexico, but in 2019, claimed Alaskan residence on communications and/or pleadings related to past due child support payments.

## III. FACTS

6. Defendant served as a deckhand on the MARINE STAR during portions of the 2018 salmon tendering season and left the vessel on or about September 7, 2018.

7. On or about August 15, 2018, Defendant claimed he fell aboard the MARINE STAR. The fall was unwitnessed. Nevertheless, Defendant claimed he fell forward biting his tongue. The MARINE STAR's captain examined the injury, and repeatedly asked Defendant whether he needed medical treatment. During the next three weeks, Defendant was seen by the captain for mouth complaints. Defendant neither mentioned nor discussed a back injury or erectile dysfunction.

8. Defendant did not injure or aggravate his back aboard the MARINE STAR while he was aboard the vessel in 2018.

COMPLAINT FOR DECLARATORY RELIEF – Page 2
No. 3:19-cv-00264-HRH
{29095-00540328;1}

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

9. Former MARINE STAR crewmember Linda Stevens knew Defendant, and he never mentioned injuring his back while he was on the vessel. Moreover, Ms. Stevens states that Defendant never complained to her of a back injury.

10. After leaving the MARINE STAR, Defendant proceeded to vacation in Hawaii.

11. Upon his return, Defendant sailed aboard an albacore tuna jack pole vessel, the HOLLY H, for approximately three weeks in September 2018. In this fishery, the albacore are brought onto the vessel by first throwing a hook and line (attached to a fishing pole) in the water. When an albacore is hooked, the seaman quickly pulls back on the pole that launches the fish from the water, over the seamen's head, and onto the deck of the vessel. This fishery is considered to be physically very demanding. Crewmembers on this vessel witnessed Defendant pole fish albacore in this manner during his entire tenure aboard the vessel. According to the crew, Defendant never complained of a back injury. One crewmember stated: "There was nothing wrong with that boy."

12. On his return to New Mexico, Defendant sent Linda Stevens a photograph of him working as a roofer through Facebook. These pictures have now been removed from that platform.

13. Defendant first sought medical attention on October 23, 2018 in Las Cruces, New Mexico complaining of back pain that allegedly started while he was aboard the MARINE STAR.

14. Defendant, through counsel, demanded maritime benefits, including maintenance, cure and unearned wages.

Le Gros Buchanan
& Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
(206) 623-4990   Fax (206) 467-4828

15. While doubting the veracity of Defendant's claims regarding his back injury, Arctic Ice began payment of maritime obligations, including maintenance and unearned wages. Arctic Ice has requested Defendant provide invoices for cure, but Defendant has provided very few of such invoices to Plaintiff.

16. Arctic Ice continues to pay its maritime obligations as they come due.

17. Because Defendant neither injured nor aggravated his back while aboard the MARINE STAR in 2018, Arctic Ice has no obligation to pay maritime benefits, including maintenance and cure.

## IV. CLAIM FOR DECLARATORY JUDGMENT

18. A controversy exists concerning whether Plaintiff owed Defendant the maritime benefits of maintenance, cure and unearned wages, and whether Plaintiff continues to owe Defendant any additional maritime benefits. Plaintiff maintains that these benefits were not, and are no longer, owed to Defendant. Consequently, Plaintiff seeks this Court's declaratory judgment affirming the same.

19. The only condition that manifested or was aggravated during Defendant's service aboard the vessel was a tongue injury. Defendant neither reported nor complained of any back injury while aboard the MARINE STAR.

20. Defendant's remaining medical conditions, including but not limited to back pain, erectile dysfunction, and chronic pain did not occur or manifest in the service of the MARINE STAR and were not exacerbated, aggravated or made worse by that service. Consequently, Arctic Ice has no obligation to pay maritime benefits for those conditions.

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

WHEREFORE, having stated its Complaint, Arctic Ice prays for relief as follows:

1. For a judgment in favor of Plaintiff declaring that Defendant did not injure or aggravate his back aboard the MARINE STAR in 2018, and absolving Plaintiff of the obligation to pay maintenance and cure benefits to Defendant;

2. Enter judgment in favor of Plaintiff that Defendant is not owed any additional maintenance and cure benefits;

3. For costs of suit and reasonable attorneys' fees; and

4. For such other relief as the Court may deem just and equitable.

DATED this 7th day of October, 2019.

LE GROS BUCHANAN & PAUL

By: _s/ Eric R. McVittie_
ERIC R. MCVITTIE, ABA #0503007
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106
Telephone: 206-623-4990
Facsimile: 206-467-4828
Email: emcvittie@legros.com

Attorneys for Plaintiff Arctic Ice Fisheries, Inc.